### GODKIN *v.* WEBER.

1. SALES—ACCEPTANCE—COMPROMISE—STATUTE OF FRAUDS.

By a letter which treated a portion of rejected lumber, delivered under an oral contract of sale, as merchantable lumber and the remainder of the delivery as rejected, the vendee accepted the part in dispute within the requirement of the statute of frauds.

2. SET-OFF—STATUTES—CLAIMS ARISING AFTER COMMENCEMENT OF ACTION.

A claim for storage of lumber accruing after the date of commencement of suit is not recoverable in set-off. 3 Comp. Laws, § 10075.

Error to Wayne; Wisner, J., presiding. Submitted October 5, 1909. (Docket No. 4.) Decided November 5, 1909.

Assumpsit by John Godkin against Joseph E. Weber for goods sold and delivered. A judgment for plaintiff on a verdict directed by the court is reviewed by defendant on writ of error. Affirmed.

*Jasper C. Gates*, for appellant.

*Lee E. Joslyn*, for appellee.

BLAIR, C. J. The principal facts necessary to an understanding of this case are fully stated in the opinions

filed on the previous hearing. *Godkin* v. *Weber*, 154 Mich. 207 (114 N. W. 924, 117 N. W. 628, 20 L. R. A. [N. S.] 498). On the second trial the circuit judge directed a verdict for plaintiff for the value of 6,435 feet of lumber, taken from 29,332 feet of culls and claimed by plaintiff to have been made merchantable by cutting off bad ends, etc. On this branch of the case, by agreement of counsel, the only question reserved for our consideration is whether there was any evidence at all to sustain the finding of the circuit judge that defendant was liable for this 6,435 feet.

The evidence tended to show that plaintiff, before shipping the lumber, had the right to cut the ends off and thereby make the lumber merchantable; but it conclusively appeared that he had no right to do so after it went into the customer's yard. "It would all have to be considered cull lumber with rotten ends." It appeared, however, that defendant's inspector assisted plaintiff's inspector in marking off the 6,435 feet, and on February 22, 1905, defendant wrote to plaintiff a letter containing, among other things, the following:

"We are willing to accept your inspector's decision, paying for merchantable at $13.50 and the culls at $9. This latter is 60 cents less than our former offer, as after your inspector sorted out the upper line culls it leaves a very bad lot indeed. * * * We have not as yet cross-cut and ripped the culls your man laid out, so as to secure his 5,424 feet of No. 2. This will cost another $5. The offer made by us to Mr. Allan was based on these figures, together with 1½ per cent. discount. He tells us you have refused it. Such being the case, you have 22,492 feet culls hemlock, claimed in one of your letters as your property, on our yard. Storage on same begins today at $2 per day. It is very much in our way, as in the reinspection it was placed in small piles in several alleys, and it must be moved, being directly in our way. Just as soon as you remove the culls, or adjust same, so we may arrive at the amount due, we will mail our check."

Although in a previous letter defendant had denied the right of plaintiff to make merchantable lumber by cutting

off bad ends, we think the letter above quoted from was some evidence tending to show an acceptance of the 6,435 feet as merchantable lumber and a limiting of the culls to 22,492 feet. We are of the opinion, therefore, that, under the agreement of counsel, the court did not err on this branch of the case.

It remains to consider whether the court erred in refusing to permit the jury to consider the defendant's claims for storage and expenses, under his special notices of set-off and recoupment. Plaintiff commenced this suit February 23, 1905. Defendant's plea and the original notices were filed May 18, 1905. A reading of the notice of recoupment clearly discloses that it was not intended thereby to claim any damages for storage. The charges for storage were set forth in the bill of particulars of the original set-off, and in the notice of set-off pleaded *puis darrein continuance* on the 11th day of February, 1909. That the circuit judge understood that only the defendant's claim of set-off was before the court for consideration is plainly evidenced by his remarks in disposing of the case, and that defendant's counsel so understood is shown by his remark at that time:

"It is understood here that we offer to prove our set-off.
"*The Court:* It was fully understood in the statement. I think it was included. There is no question about it."

The bill of particulars filed May 18, 1905, contained the following:

"Storing of said 29,392 feet of culls, from Feb. 28 to date, 84 days, at $2.00 per day, $168.00."

The charges for storage beginning with February 28, 1905, five days after the commencement of suit, the circuit judge correctly held that, under the provisions of section 10075, subd. 4, 3 Comp. Laws, they could not be considered.

The judgment is affirmed.

GRANT, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.